UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Larry G. Harvin**, # 253468**,** <br><br>  Petitioner,<br><br>vs.<br><br>**Colie L. Rushton**, Warden of McCormick Correctional Institution; and<br>**Henry McMaster**, Attorney General of South Carolina,<br><br>  Respondents. | **C/A No. 3:05-2596-GRA-JRM**<br><br><br>**Report and Recommendation** |

_____

## **Background of this Case**

The petitioner is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections. He has submitted a lengthy petition for writ of habeas corpus, an eight-page supplemental petition, a thirty-nine page "MEMORANDUM OF FACT AND LAW," a fourteen-page "MEMORANDUM TO INVOKE," and copies of documents from his post-conviction case in state court and prior habeas corpus action under 28 U.S.C. § 2254. The petitioner has also submitted a motion for evidentiary hearing. The petitioner's criminal case arose out of the robbery of a Citgo® station and the murder of a store clerk on October 19, 1996.

1

On October 16, 1998, in the Court of General Sessions for Charleston County, the petitioner was convicted of murder, armed robbery, and possession of a weapon during the commission of a violent crime. The petitioner was sentenced to life on the conviction for murder and to thirty (30) years on the conviction for armed robbery. The petitioner indicates that no sentence was entered on the conviction for possession of a weapon during the commission of a violent crime. The petitioner's convictions were affirmed on direct appeal by the Supreme Court of South Carolina. State v. Harvin, 345 S.C. 190, 547 S.E.2d 497, 2001 S.C. LEXIS® 92 (2001).

The petitioner filed an application for post-conviction relief (Case No. 01-CP-10-2971). The Court of Common Pleas denied post-conviction relief on October 29, 2002. The petitioner filed a Rule 59 motion on November 18, 2002. The Rule 59 motion was denied by the Court of Common Pleas on June 4, 2003. No petition for certiorari was filed in the petitioner's post-conviction case.

The petitioner's grounds are specifically enumerated in his "MEMORANDUM OF FACT AND LAW" appended to the petition. Those grounds are: (1) evidence in support of the petitioner's convictions cannot be characterized as independently sufficient to satisfy every essential

element of the crimes beyond a reasonable doubt; (2) ineffective assistance of counsel resulted from trial counsel's failure to object to trial judge's ruling that petitioner had waived his Miranda rights[1] and from trial counsel's failure to object to the Solicitor's use of false evidence; (3) the petitioner was denied Due Process when the trial court "submitted an Accomplice-Theory Jury Instruction which created an Evidentiary Presumption that Constructively Amended elements within Indictments" against the petitioner. With respect to Ground 3, the petitioner writes: "Petitioner's position is that the 'hand of one hand of all' jury instruction relieved the State Solicitor of the burden of persuasion beyond a reasonable doubt in proving that Petitioner was the Murderer and Armed Robber possessing the deadly weapon during the commission of those crimes, as alleged in indictments, by asserting before the jury that Petitioner was alternatively an accomplice." (Memorandum of Fact and Law, at page 37).  In his "MEMORANDUM TO

---

[1] See Miranda v. Arizona, 384 U.S. 436 (1966). The opinion of the Supreme Court of South Carolina in the petitioner's direct appeal indicates that the petitioner was in custody in Rochester, New York, when he was questioned by Detective Michael Gordon of the Charleston Police Department. The petitioner had already invoked his Miranda rights with respect to pending criminal charges in Greece, New York. The Supreme Court of South Carolina held that, although the petitioner's statements to Detective Gordon were subject to suppression under New York law, they were not subject to suppression under South Carolina law because the Sixth Amendment right to counsel is "offense specific." State v. Harvin, 345 S.C. 190, 193-194, 547 S.E.2d 497, 499, 2001 S.C. LEXIS® 92 (2001).

INVOKE," the petitioner, *inter alia*, contends that he is "actually (factually) innocent" of the three crimes for which he was convicted.

## **Discussion**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[2] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal because it is a successive petition. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The petitioner has, in the case at bar, submitted a successive petition. In Larry G. Harvin v. Colie L. Rushton; and Henry McMaster, Attorney General of South Carolina, Civil Action No. 3:03-0688-13BC, the petitioner brought a habeas corpus action under 28 U.S.C. § 2254 on March 6, 2003. The petition in Civil Action No. 3:03-0688-13BC was served upon the

respondents. After the respondents on May 21, 2003, filed a motion for summary judgment, the petitioner was — on May 22, 2003 — apprised of dispositive motion procedure, as required by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner responded to the Roseboro order and also filed his own motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 3:03-0688-13BC on October 6, 2003, the undersigned recommended that the respondents' motion for summary judgment be granted and that the petitioner's motion for summary judgment be denied. The parties were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. On October 22, 2003, the petitioner filed objections to the Report and Recommendation. On January 16, 2004, the Honorable G. Ross Anderson, Jr., United States District Judge, granted summary judgment for the respondents.

The petitioner filed two (2) appeals in Civil Action No. 3:03-0688-13BC. Fourth Circuit Docket No. 04-6303 was the appeal on the merits. Fourth Circuit Docket No. 04-6919 concerned the denial of the petitioner's motion for a certificate of appealability.

The petitioner's appeals in Civil Action No. 3:03-0688-13BC were not successful. On June 3, 2004, the United States Court of Appeals for the Fourth Circuit dismissed the appeal in Fourth Circuit Docket No. 04-6303 and denied a certificate of appealability. Harvin v. Rushton, 98 Fed.Appx. 946, 2004 U.S.App. LEXIS® 10821 (4th Cir., June 3, 2004). Subsequently, on August 10, 2004, the Court of Appeals dismissed the appeal in Fourth Circuit Docket No. 04-6919. Harvin v. Rushton, 104 Fed.Appx. 315, 2004 U.S.App. LEXIS® 16442 (4th Cir., August 10, 2004).

The standard for determining whether a petition is successive appears in Slack v. McDaniel, 529 U.S. 473, 485-489, 146 L.Ed.2d 542, 120 S.Ct. 1595, 2000 U.S. LEXIS® 3000 (2000)(to qualify as "successive" petition, prior petition must have been adjudicated on the merits). Since Civil Action No. 3:03-0688-13BC was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 3:05-2596-GRA-JRM) is successive.

This court may take judicial notice of Civil Action No. 3:03-0688-13BC. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'");

and Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

The § 2254 petition in the above-captioned case is subject to dismissal under Rule 9(b) of the Section 2254 Rules. *See* Miller v. Bordenkircher, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985); McClesky v. Zant, 499 U.S. 467, 113 L.Ed.2d 517, 111 S.Ct. 1454, 1467-1472, 1991 U.S. LEXIS® 2218 (1991); 28 U.S.C. § 2244(b); Bennett v. Angelone, 92 F.3d 1336, 1996 U.S.App. LEXIS® 21003 (4th Cir. 1996), *cert. denied*, 519 U.S. 1002, 136 L.Ed.2d 395, 117 S.Ct. 503, 1996 U.S. LEXIS® 7152 (1996); and Armstead v. Parke, 930 F. Supp. 1285, 1996 U.S.App. LEXIS® 8317 (N.D.Ind. 1996), *affirmed*, 116 F.3d 1482, 1997 U.S.App. LEXIS® 14835, 1997 WESTLAW® 345896 (7th Cir., June 13, 1997). *See also* Rule 9(b) of the Section 2254 Rules; and Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296. *See also* United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

In any event, there is no indication in the present petition that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[3]

---

[3]*See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

> (B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. –Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:
>
> (continued...)

(...continued)

"(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

"(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

"(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

"(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
"(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

"(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

"(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(continued...)

The mailing address of the Clerk's Office of the United States Court of Appeals for the Fourth Circuit is 1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517.

### **Recommendation**

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice* as a successive § 2254 petition under Rule 9(b) of the Section 2254 Rules, *without requiring the respondents to file a return*. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall,

---

(...continued)
  "(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

  "(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

11

1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  I also recommend that the petitioner's motion for evidentiary hearing be denied.  The petitioner's attention is directed to the important notice on the next page.

                                        Respectfully submitted,

                                        Joseph R. McCrorey
                                        United States Magistrate Judge

September 15, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The *Serious Consequences* of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.**  See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

13