**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Larry G. Harvin, #253468,  <br><br>                    Petitioner,  <br><br>    v.  <br><br>Collie L. Rushton, Warden of McCormick Correctional Institution; and Henry McMaster, Attorney General of South Carolina,  <br><br>                    Respondents. | C/A No. 3:05-2596-GRA-JRM  <br><br>**ORDER**  <br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. and was filed September 15, 2005. The Petitioner instituted the present action pursuant to 28 U.S.C. § 2254. This is his second petition filed under § 2254. The magistrate recommends summary dismissal of the action because the Petitioner failed to first seek authorization from the United States Court of Appeals for the Fourth Circuit before proceeding with this successive § 2254 petition. For the reasons stated below, the magistrate's Report is ADOPTED, and the above-captioned action is DISMISSED without prejudice and without requiring Respondents to file a return.

Background

Petitioner is a state prisoner currently serving a life sentence for the murder

1

of a store clerk at a Citgo® station and a thirty-year sentence for armed robbery of the Citgo® station. Petitioner first filed a petition pursuant to 28 U.S.C. § 2254 on March 6, 2003. On January 16, 2004, summary judgment was granted by this Court to the respondents in that matter. Petitioner filed two appeals to this decision to the Fourth Circuit: one appeal on the merits and the other appeal concerned the denial of Petitioner's motion for a certificate of appealability. The United States Court of Appeals for the Fourth Circuit dismissed the latter appeal on June 3, 2004 and dismissed the former appeal on August 10, 2004. Petitioner instituted the present § 2254 petition on September 13, 2005.

## Analysis

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made,

and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

Petitioner filed objections to the Report and Recommendation on September 28, 2005. Petitioner's only objection is to the magistrate's assertion that the instant action is a successive §2254 petition. Petitioner argues that his first §2254 petition was dismissed by this Court on procedural grounds for failure to exhaust

3

state remedies. He further argues that this Court's prior decision was not on the merits, and therefore, his second §2254 petition is not successive. Petitioner cites *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) for the proposition that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."

Title 28 U.S.C. § 2244(b) is very clear on the limits on second or successive § 2254 petitions. A successive petition may be considered only if it raises an issue not presented in the initial or prior petition(s), and the Petitioner shows that:

> A) . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> 28 U.S.C. § 2244(b)(2).

This showing must be made to the appropriate court of appeals, not to the

district court. 28 U.S.C. § 2244(b)(3). This means that, regardless of the merits of Petitioner's claims, he **must** seek and obtain leave (i.e., written permission) from the United States Court of Appeals for the Fourth Circuit before attempting to file another § 2254 petition in the United States District Court for the District of South Carolina. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, this Court does not have jurisdiction over this matter.

Petitioner's objection that the United States Supreme Court's opinion in *Slack* is controlling is without merit. In *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644 (1998) the Supreme Court noted that "none or our cases . . . have ever suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition." However, Petitioner has failed to show that subsequent to this Court's Order dismissing his prior §2254 petition, that he then did exhaust his state remedies before filing the instant petition. Moreover, this Court ruled on the merits of Petitioner's objections to the magistrate's Report and Recommendation issued on his prior §2254 petition. The Court also ruled on the merits of the respondents' summary judgment motion to Petitioner's prior §2254 petition. Therefore, Petitioner's reliance on *Slack* is without merit.

Petitioner admits in his instant petition that the "prior proceeding in the U.S. District Court is identical to the instant . . . Petitioner raised the same grounds for relief in the prior petition." There is no indication in the present petition that

Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case as required by 28 U.S.C. § 2244(b)(3)(A). Therefore, the magistrate's Report and Recommendation is adopted.

IT IS THEREFORE ORDERED that Petitioner's successive petition pursuant 28 U.S.C. § 2254 is DISMISSED without prejudice and without requiring the respondents to file a return.

IT IS FURTHER ORDERED that the Clerk of Court for the District of South Carolina forward to Petitioner the proper forms for seeking authorization to file a successive petition from the United States Court of Appeals for the Fourth Circuit.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
October   5  , 2005

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.